Liere v Alan E. Fricke Mems., Inc. (2023 NY Slip Op 50865(U))

[*1]

Liere v Alan E. Fricke Mems., Inc.

2023 NY Slip Op 50865(U)

Decided on August 17, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 17, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN VOUTSINAS, JJ

2020-230 S C

Robert Liere and John Liere, Appellants,
against
Alan E. Fricke Memorials, Inc. and Herman Liere, Respondents. 

Robert J. Cava, P.C. (Robert J. Cava of counsel), for appellants.
Johannesen & Johannesen, PLLC (Richard Johannesen of counsel), for respondent Herman Liere.
Feldman, Rudy, Kirby & Farquharson, P.C. (Gerald F. Kirby of counsel), for respondent Alan E. Fricke Memorials, Inc.

Appeal from an order of the Suffolk County Court (James F. Matthews, J.) dated December 16, 2019. The order granted a motion by defendant Herman Liere for summary judgment dismissing the complaint insofar as asserted against him, denied plaintiffs' cross motion for summary judgment, and, upon searching the record, granted summary judgment dismissing the complaint insofar as asserted against defendant Alan E. Fricke Memorials, Inc.

ORDERED that the order is affirmed, without costs.
Plaintiffs commenced this action in Supreme Court, Suffolk County, alleging causes of action for negligence, trespass and conversion, based on defendants' modification of the inscription on a monument for a family plot in the Yaphank Cemetery. Plaintiffs, who claim exclusive ownership of the plot and, by extension, the monument, do not contest the accuracy of the modifications; rather, they contend only that, because Herman Liere (defendant) had no ownership interest in the plot, he lacked the authority to cause modifications to be made to the monument by defendant Alan E. Fricke Memorials, Inc. (Memorials, Inc.), the entity that defendant hired to inscribe the modifications on the monument. After defendants answered the complaint, denying liability, and defendant Memorials, Inc. cross-claimed against defendant, [*2]alleging that defendant was liable to it to the extent that it was liable to plaintiffs, defendant moved for summary judgment dismissing the complaint insofar as asserted against him, contending that, as a descendant of the purchaser of the cemetery plot, he has an ownership interest in the plot and thus had the right to modify the monument. Plaintiffs opposed defendant's motion and cross-moved for summary judgment, arguing that only they, as the sole owners of the plot, had been entitled to make revisions to the monument. The action was then transferred to the Suffolk County Court pursuant to CPLR 325 (d).
The salient facts underlying the motions were uncontested. Herman Henry Liere, whose name defendant denominated with the suffix "Sr." and to whom plaintiffs attributed the nickname "Hank," purchased the plot in 1978, as well as the monument. The plot was deeded to the "Herman H. Liere Family." Hank had four children: defendant's father, plaintiffs herein, and Lorraine. Hank was predeceased by his spouse, who died in 1978, and by defendant's father, who died in 1997. Hank died in 2008. His will made no reference to the plot. Lorraine, who never married and had no children, died in 2016, and did not make a specific bequest in her will with respect to the plot. On these facts, the Suffolk County Court granted defendant's motion, denied plaintiffs' cross motion, and, upon searching the record, granted defendant Memorials, Inc. summary judgment dismissing the complaint insofar as asserted against it.
Under N-PCL 1512 (b), where a cemetery plot owner dies without specifically devising the plot in his or her will, ownership of the plot is not included in the decedent's residuary estate but instead passes to the owner's "descendants then surviving, and if there be none, then to the surviving spouse, and if there be none, then to those entitled to take the real and personal property of the deceased lot owner pursuant to article four of the estates, powers and trust law." It is uncontested that when he died, Hank had "descendants then surviving"; the only question the parties have addressed is whether defendant was such a person within the meaning of N-PCL 1512 (b), which does not define the term "descendants."[FN1]

As the Court of Appeals has stated:
"When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature. We have long held that the statutory text is the clearest indicator of legislative intent, and that a court should construe unambiguous language to give effect to its plain meaning. In the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase. Where the statutory language is unambiguous, a court need not resort to legislative history. Further, a statute must be construed as a whole and . . . its various sections must be [*3]considered together and with reference to each other" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [internal quotation marks and citations omitted]).
The dictionary definition of "descendant" is "[s]omeone who follows in the bloodline of an ancestor, either lineally or collaterally. Examples are children and grandchildren" (Black's Law Dictionary [11th ed 2019], descendant). Although the Estates, Powers and Trust Law does not define "descendant," its usage of that term, in its definition of the word "issue," is consistent with the concept that "descendants" include grandchildren, such as defendant: "(a) Unless a contrary intention is indicated: (1) Issue are the descendants in any degree from a common ancestor" (EPTL 1-2.10). We find that the term "descendant" unambiguously includes grandchildren.
At the time of Hank's death, defendant, who is Hank's grandchild, was thus one of Hank's "descendants then surviving," and, under N-PCL 1512 (b), inherited an ownership interest in the cemetery plot.
We note that defendant separately acquired an ownership interest in the cemetery plot upon the death of his aunt, Lorraine. At the time of Hank's death, as one of Hank's "descendants then surviving," his daughter, Lorraine, acquired an ownership interest in the plot. She failed to devise her ownership interest in the plot in her will and, at the time of her death, had no lineal descendants and no spouse. If "descendants then surviving" includes nonlineal relatives such as nephews, defendant inherited an interest from Lorraine pursuant to the first prong of N-PCL 1512 (b), under which ownership in a cemetery plot passes to the owner's "descendants then surviving." However, we need not decide whether defendant, as Lorraine's nephew, was Lorraine's "descendant then surviving" within the meaning of N-PCL 1512 (b), since, if he wasn't, and as Lorraine had no spouse, her ownership interest in the plot passed, pursuant to N-PCL 1512 (b), under article 4 of the Estates, Powers and Trust Law. EPTL 4-1.1, governing "descent and distribution," directs that where, as in the case of Lorraine, a decedent is survived by the issue of her parents, but is not survived by a spouse, by issue of her own, or by either of her parents, her undevised property passes to "the issue of the parents, by representation" (EPTL 4-1.1 [a] [5]). Property passing by representation:
"is divided into as many equal shares as there are (i) surviving issue in the generation nearest to the deceased ancestor which contains one or more surviving issue and (ii) deceased issue in the same generation who left surviving issue, if any. Each surviving member in such nearest generation is allocated one share. The remaining shares, if any, are combined and then divided in the same manner among the surviving issue of the deceased issue as if the surviving issue who are allocated a share had predeceased the decedent, without issue" (EPTL 1-2.16; see also 1 Harris, New York Probate Administration and Litigation § 5:28 [6th ed] [Note: online treatise]).
If article 4 of the Estates, Powers and Trust Law applied, upon Lorraine's death, her share in the cemetery plot was thus divided into three parts, one of which went to each of the plaintiffs (the surviving issue of Lorraine's parents) and one of which went to the surviving issue of defendant's father, who was Lorraine's predeceased brother, so that defendant inherited an interest in the plot. Consequently, both as a "descendant then surviving" of Hank by virtue of N-PCL 1512 (b), and separately, through Lorraine, whether as a "descendant then surviving" under N-PCL 1512 (b) or else under N-PCL 1512 (b) as a person "entitled to take the real and personal property of the [*4]deceased lot owner pursuant to article four of the estates, powers and trust law," defendant became a part owner of the cemetery plot.
In view of the foregoing, the sole contention plaintiffs raise on appeal for a reversal of the County Court's order—that defendant is liable for the inscription on the monument because he is a not an owner of the cemetery plot—lacks merit. Consequently, plaintiffs have failed to demonstrate any basis for this court to disturb the County Court's order.
We reach no other issue. 
Accordingly, the order is affirmed.
The decision and order of this court dated March 18, 2021 (71 Misc 3d 41) is hereby recalled and vacated (see motion decided simultaneously herewith).
GARGUILO, J.P., and EMERSON, J., concur.
VOUTSINAS, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 17, 2023

Footnotes

Footnote 1: The parties have not addressed, and, given the result herein, we need not decide, whether defendant has any ownership interest in the plot by virtue of its having been deeded to the "Herman H. Liere Family."~~